IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY EARVEN,
    Petitioner,

vs.                                     Case No.:  4:18cv492/WS/EMT

MARK S. INCH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed an answer and relevant portions of the state court record (ECF No. 8). Petitioner filed a reply (ECF No. 10). At the court's direction, Respondent supplemented its answer on the issue of exhaustion (*see* ECF Nos. 11, 12). Petitioner filed a response to Respondent's exhaustion argument (ECF No. 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the

disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal habeas relief.

I. BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 8).[1] Petitioner was charged in the Circuit Court in and for Leon County, Florida, Case No. 2016-CF-1077, with one count of aggravated assault with a firearm (Count I) and one count of possession of a firearm by a convicted felon (Count II) (Ex. A at 18). Following a jury trial on July 20, 2017, on only Count I,[2] the jury found Petitioner guilty as charged, with specific findings that he actually possessed and discharged a firearm during the assault (Ex. A at 70–71, Ex. B). The same day, Petitioner entered an "open" no-contest plea to Count II (Ex. A at 58–59). On August 22, 2017, the court sentenced Petitioner as a prison releasee reoffender to a mandatory term of twenty (20) years in prison on

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 8). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

[2] The court severed Count II for trial.

Count I and a concurrent mandatory term of three (3) years in prison on Count II, with pre-sentence jail credit of 482 days (Ex. A at 94–106, 244–74).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D17-3148 (Ex. C). The First DCA affirmed the judgment per curiam without written opinion on August 7, 2018 (Ex. F). *Earven v. State*, 250 So. 2d 624 (Fla. 1st DCA 2018) (Table). The mandate issued August 28, 2018 (*id.*).

Petitioner filed the instant federal habeas action on October 25, 2018 (ECF No. 1).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner exhaust available state court remedies, *see* 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct'

---

[3] Section 2254 provides, in relevant part:

**(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

   **(A)** the applicant has exhausted the remedies available in the courts of the State; or

   **(B)(i)** there is an absence of available State corrective process; or

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, 513 U.S. at 365–66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277–78.

The Supreme Court has provided lower courts with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In *Picard v. Connor*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected

---

    **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Case No.: 4:18cv492/WS/EMT

the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Supreme Court has indicated that it is not enough that a petitioner makes a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. *Anderson v. Harless*, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In *Anderson*, the Sixth Circuit Court of Appeals granted the habeas petition on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citation omitted). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Anderson*, 459 U.S. at 7. On review by the Supreme Court, the Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the

federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, 513 U.S. 364. The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 513 U.S. at 365–66.

In *Baldwin v. Reese*, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." 541

---

[4] The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

Case No.: 4:18cv492/WS/EMT

U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004). The *Baldwin* court commented that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. With regard to this language, the Eleventh Circuit explained in *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *McNair* [*v. Campbell*], 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302–03 (citations omitted).[5]

---

[5] In his initial brief before the Court of Criminal Appeals, petitioner McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999). In this instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.*

To overcome a procedural default, the petitioner must show cause for the default and prejudice resulting therefrom, or that the federal court's failure to reach the merits of the claim would result in a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467,

---

important that McNair had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

Case No.: 4:18cv492/WS/EMT

497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claim.

III. PETITIONER'S CLAIM

Ground One: "The trial court erred in denying Earven's motion for judgment of acquittal where the State established that Johnny Tucker did not possess any well-founded fear of imminent violence. This violated the Defendant's right to due process as guaranteed by the 5th Amendment of the United States Constitution."

Petitioner contends the State failed to present any evidence that his conduct created a well-founded fear of violence in the mind of the victim, Johnny Tucker

(ECF No. 1 at 6). Petitioner alleges Johnny Tucker testified at trial that he was never in fear of anything during the incident (*id.*). Petitioner states he presented this claim to the state court on direct appeal (*id.*).

Respondent addressed the exhaustion issue in its answer, but its position was unclear (ECF No. 11 at 4). At the outset of its answer, Respondent stated:

> Respondents do not concede or waive exhaustion as to any claims presented and assert all procedural bars and defenses available to them. 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

(ECF No. 8 at 1–2).

In the body of its answer, Respondent restated Petitioner's claim in Ground One as follows:

> WHETHER THE STATE TRIAL COURT'S DENIAL OF PETITIONER'S MOTION FOR JUDGMENT OF AQUITTAL [sic] WHEN THE VICTIM OF THE AGGRAVATED ASSAULT WITH A FIREARM DENIED BEING PUT IN FEAR OF IMMINENT VIOLENCE WAS CONTRARY TO OR AN UNREASONABLE APPLICATION OF FEDERAL LAW.

(ECF No. 8 at 7). Respondent asserted Petitioner exhausted his state court remedies by moving for a judgment of acquittal ("JOA") at trial and raising the issue on appeal (*id.* at 8). Respondent then described the parties' arguments to the trial court on the issue of whether Petitioner was entitled to a JOA (*id.* at 9–12). As described by

Respondent, the arguments were based purely on state law (*id.*). Respondent also described Petitioner's argument on direct appeal (*id.* at 7). Again, the arguments described were based purely on state law (*id.*).

In Petitioner's reply, he described in detail the arguments presented to the trial court and the First DCA (ECF No. 10). All of the arguments, as described, were based purely on state law (*id.*).

Upon initial review of the parties' pleadings, this court noted that Respondent appeared to concede exhaustion in one section of its answer, yet Respondent expressly stated it did not concede or waive exhaustion in another section (*see* ECF No. 11). The court directed Respondent to supplement its answer with clarification as to its position on whether Petitioner satisfied the exhaustion requirement (*id.*).

In its Supplemental Answer, Respondent asserts Petitioner failed to exhaust his state court remedies, because he failed to present the federal constitutional dimension of his sufficiency-of-the-evidence claim to the state court (ECF No. 12). Respondent contends Petitioner cited no federal law or constitutional provision in his initial brief on direct appeal, and instead narrowly tailored his argument as an issue of state law relative to the sufficiency of the evidence (*id.* at 2, 5–7). Respondent argues Petitioner's unexhausted claim would be procedurally barred in state court; therefore, it is procedurally barred from federal review (*id.* at 7).

The court provided Petitioner an opportunity to respond to Respondent's supplemental exhaustion argument, and he did (*see* ECF Nos. 13, 15). Petitioner contends the Florida state courts assess the sufficiency of the evidence under a legal standard identical to the federal court (ECF No. 15 at 3–4). Petitioner asserts if this court determines he did not exhaust Ground One, the procedural default was caused by his appellate counsel (*id.* at 3). Petitioner additionally argues he is entitled to federal review of Ground One through the "fundamental miscarriage of justice" exception (*id.* at 4–7). Petitioner contends the State's direct, uncontroverted evidence (specifically, Johnny Tucker's testimony that he did not feel fearful or threatened by Petitioner's conduct) proved that one of the elements of assault did not exist (*id.*).

The federal court must look to Petitioner's state court brief to determine "whether he mentioned the federal source of law on which he relies or a case deciding such a claim on federal grounds, or . . . label[ed] the claim 'federal.'" *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352 (11th Cir. 2012) (internal quotation marks and citation omitted). In Petitioner's initial brief to the First DCA, Petitioner argued that not only was there an absence of competent, substantial evidence to support the aggravated assault conviction, but the evidence affirmatively disproved an element of the crime, specifically, that Petitioner's act created a well-founded fear

of imminent violence in the victim's mind (*see* Ex. C). Petitioner argued that the victim of the alleged aggravated assault, Johnny Tucker, testified that Petitioner shot a gun in the air as Tucker drove by him, but Tucker testified he was not scared (*id.*). Petitioner argued the evidence thus established that the elements of assault were not proven (*id.*). Petitioner argued that the "well-founded fear" element was a subjective standard, i.e., whether the victim subjectively possessed a well-founded fear, and that the trial court erred by applying an objective reasonable person standard (*id.*).

Notably, in Petitioner's briefs to the First DCA, he did not cite any federal cases, let alone *Jackson v. Virginia* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), which sets forth the federal constitutional standard for determining whether the evidence is sufficient to support a conviction. Petitioner did not cite to the Due Process Clause of the Fourteenth Amendment or any other federal constitutional provisions; indeed, he did not even mention the word "federal" or refer to federal law in any other way. Petitioner framed his claim in terms of state law and he argued only Florida law. And although Petitioner mentioned this rule, "Evidence is sufficient in order to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt," which is the federal standard, Petitioner attributed that rule to *Banks v. State*, 732 So. 2d 1065 (Fla. 1999) (*see* Ex.

C at 8).  But *Banks* did not involve the sufficiency of the evidence to support a conviction; rather, the issue presented in *Banks* was the following

> What factors must be proven by a preponderance of the evidence to establish that the need for payment of restitution outweighs the need for a prison sentence to justify a downward departure sentence?

*Banks*, 732 So. 2d at 1066.  The proposition for which Petitioner cited *Banks* was included in a footnote explaining the difference between an appellate court's assessing the sufficiency as opposed to the weight of the evidence.  *Id.* at 1067 n.5.  Nothing in Petitioner's initial brief put the First DCA on notice that he was presenting a federal constitutional claim with respect to the sufficiency of the evidence to support his assault conviction.

Furthermore, the State did not interpret Petitioner's argument as asserting a federal due process claim based upon the sufficiency of the evidence, as evidenced by its answer brief (*see* Ex. D).  The State argued that the trial court correctly applied an objective reasonable person standard, in accordance with Florida law, in determining whether the State presented sufficient evidence of the "well-founded fear" element to allow the case to go to the jury (*id.*).

The First DCA affirmed Petitioner's judgment and sentence in a one-word decision, "Affirmed" (Ex. F).  The court thus gave no indication that it recognized Petitioner's claim as federal in nature.

Petitioner's simply mentioning a phrase common to both state and federal law, like "sufficiency of the evidence," cannot constitute fairly presenting a federal claim to the state courts.  *See Lucas*, 682 F.3d at 1352–53 (holding that petitioner's simply referring to a "constitutional right of confrontation of witnesses" in his state court brief was not a sufficient reference to a federal claim, any more than a reference to "ineffective assistance of . . . counsel" was sufficient in *Baldwin*, 541 U.S. at 32–33).  As the Supreme Court has explained, "[i]t is not enough that . . . a *somewhat similar* state-law claim was made." *Anderson*, 459 U.S. at 6 (emphasis added).  And it would "surpass[ ] strange" for this federal court to evaluate whether the First DCA's adjudication of the merits of Petitioner's sufficiency of the evidence claim was "contrary to, or involved an unreasonable application of" *Jackson v. Virginia*, when that case was never presented to the First DCA and that court thus had no opportunity to consider it.  *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 460 (11th Cir. 2015) (declining to decide whether the fair presentation requirement was satisfied where a petitioner asserted a state claim in the state courts and the standards for adjudicating state and federal claims of that nature were identical, but stating, "[I]t is not at all clear that a petitioner can exhaust a federal claim by raising an analogous state claim. . . . What's more, it strikes us as surpassing strange to say that the Florida Supreme Court reached a decision that was 'contrary to, or involved

an unreasonable application of' *Jackson*, a case that was never presented to the court and that the court, therefore, had no opportunity to consider." (citations omitted)).

The undersigned concludes that Petitioner cannot be said to have fairly apprised the First DCA of his federal constitutional due process claim. *See, e.g., Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 850 (11th Cir. 2008) (unpublished but recognized as persuasive authority) (petitioner's federal sufficiency of evidence claim was not exhausted where petitioner cited exclusively to Florida cases in state court and addressed Florida law in all of his substantive arguments, even though Florida courts assess sufficiency of evidence under standard identical to federal standard); *Cook v. McNeil*, 266 F. App'x 843, 845–46 (11th Cir. 2008) (unpublished) (petitioner did not alert the state court to the alleged federal nature of his sufficiency of the evidence claim and therefore failed to exhaust his federal due process claim; even though petitioner moved for judgment of acquittal and even though Florida courts assess the sufficiency of the evidence under the standard applied in *Jackson*, petitioner cited exclusively to the state cases and all of his substantive arguments addressed Florida law; "the tenor of [petitioner's] narrow arguments that challenged the characterization of his knife and the sequence of his actions under the Florida statute did not bring a federal claim about due process to the attention of the state appellate court."). *But see Mulinix v. Sec'y for Dep't of*

*Corr*, 254 F. App'x 763 (11th Cir. 2007) (unpublished) (petitioner's federal sufficiency of evidence claim was exhausted where petitioner presented identical arguments to state and federal courts, and Florida courts' sufficiency of evidence standard was identical to federal standard).

As previously discussed, a petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or that application of the procedural bar will result in a fundamental miscarriage of justice. *See Bailey*, 172 F.3d at 1306.

Petitioner argues that his procedural default was caused by ineffective assistance of appellate counsel. Although ineffective assistance of counsel which rises to the level of a constitutional deprivation may serve as cause for purposes of a procedural default analysis, the issue of ineffective assistance must first be presented as an independent state claim and exhausted in the state courts. *Murray*, 477 U.S. at 488; *Orazio v. Dugger*, 876 F.2d 1508 (11th Cir. 1989). In Florida, a claim of ineffective assistance of appellate counsel is actionable in a petition for writ of habeas corpus filed in the appellate court to which the appeal was taken. *See* Fla. R. App. P. 9.141(d); *Davis v. State*, 875 So. 2d 359, 372 (Fla. 2003). Here, Petitioner has not alleged, let alone shown, that he presented a claim of ineffective assistance

of appellate counsel to the First DCA. Therefore, any such claim could not serve as cause for the procedural default of Ground One.

Additionally, Petitioner has not shown he is entitled to review of Ground One through the fundamental miscarriage of justice exception to the procedural bar. As discussed *supra*, to demonstrate actual innocence, the petitioner must show that there is new evidence and that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (quotation marks omitted); *see also Schlup*, 513 U.S. at 324 (stating that new, reliable evidence that was not presented at trial must support a claim of actual innocence for the claim to be credible). Here, Petitioner does not allege he has any new, reliable evidence to support his actual innocence claim. Instead, his "actual innocence" claim is based upon the evidence presented at his trial, and whether it was legally sufficient to support his conviction. Therefore, Petitioner is not entitled to federal review of Ground One under the fundamental miscarriage of justice exception.

In short, Petitioner did not exhaust his federal due process claim in state court. And he has not shown he is entitled to federal merits review of his claim under any recognized exception to the procedural bar. Therefore, the federal writ should not issue.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of August 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:18cv492/WS/EMT